IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DICK FROHN and DICK FROHN
INSURANCE AGENCY, INC.                                                           PLAINTIFFS

V.                                                              CAUSE NO. 3:09-CV-519-DPJ-FKB

PCNB CORP. d/b/a
PIKE NATIONAL BANK                                                                  DEFENDANT

ORDER

This matter is before the Court on Defendant PCNB Corp. d/b/a Pike National Bank's motion for judgment on the pleadings [4]. The Court, having fully considered the parties' submissions and the applicable law, finds that the motion should be denied without prejudice.

I.   Brief Facts/Procedural History

Plaintiff is an insurance agent who found himself in a dispute with the Defendant Bank. In very general terms, Plaintiff contends that the bank requested too much information from Plaintiff for those customers seeking loans on vehicles for which Plaintiff placed insurance. Plaintiff refused to provide the information, and Defendant informed the customers that it would not do business with them as long as they did business with Plaintiff. From this, Plaintiff alleges violation of the Bank Holding Company Act, 12 U.S.C. § 1972 (1989), and a state law claim for tortious interference with business relations. Defendant seeks judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

II.  Standard

Rule 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." The standard for deciding a motion under Rule 12(c) is the same as that for deciding a motion under Rule 12(b)(6). *Great Plains*

*Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (internal quotation marks and citation omitted). Such motions "are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005).

In this case, the parties' submissions are replete with factual assertions that exceed the scope of the pleadings. Moreover, the assertions are made without any supporting record evidence, thus preventing conversion to a Rule 56 motion as contemplated by Rule 12(d). It is not even apparent that this motion is ripe for consideration.[1] Regardless, the motion fails.

III. Analysis

A. Count One: Bank Holding Company Act

Count One of the Complaint asserts a claim under § 1972 of the Bank Holding Company Act ("the Act"), which states:

> (1) A bank shall not in any manner extend credit, lease or sell property of any kind, or furnish any service, or fix or vary the consideration for any of the foregoing, on the condition or requirement– (E) that the customer shall not obtain some other credit, property, or service *from a competitor of such bank*, a bank holding company of such bank, or any subsidiary of such bank holding company, other than a condition or requirement that such bank shall reasonably impose in a credit transaction to assure the soundness of the credit.

12 U.S.C. § 1972(1)(E) (emphasis added). "In order to prevail under the Bank Holding Company Act, 12 U.S.C. § 1972 (1989), the plaintiff must show: (1) the banking practice in question was unusual in the banking industry; (2) an anti-competitive tying arrangement existed;

---

[1] Rule 12(c) does not apply until "[a]fter the pleadings are closed." Rule 7 defines pleadings as including only various forms of complaints and answers, and Rule 12(c) does not contain Rule 12(b)'s language regarding the filing of motions before a responsive pleading.

and (3) the bank benefitted from the practice." *NCNB Tex. Nat'l Bank v. Johnson*, 11 F.3d 1260, 1268 (5th Cir. 1994) (footnote omitted).

        1.        Was Plaintiff a "Competitor"?

Defendant's primary contention in the present motion is that Plaintiff was not its "competitor" and therefore cannot establish liability under the Act. It offers several arguments for this contention, none of which are persuasive based on the authority provided.

First, Defendant claims that to constitute a "competitor," Plaintiff must satisfy the definition of a "bank" found in § 1972(2)(G). Def.'s Mem. at 4-5. Defendant also references other definitional provisions found in § 1813(h) and § 1841(c). While it may be true that Plaintiff fails to meet some or all of these definitions, § 1972(1)(E) does not reference these statutes, does not define "competitor," and its plain language does not limit "competitor" to banks. Accordingly, Defendant's reliance on these other statutes appears misplaced.[2]

Second, Defendant contends that "[o]ther federal *courts* have recognized that insurance agencies are not competitors under the Act." Def.'s Mem. at 5 (emphasis added). However, Defendant cites only one such court in support of this argument, and that court reviewed a different issue. *See Norte Car Corp. v. FirstBank Corp.*, 25 F. Supp. 2d 9, 23 (D. P.R. 1998) (holding that bank's requirement that customers be referred to bank's designated insurance company agents did not violate Act because agents were "not the bank, a bank holding company, or a subsidiary of a bank holding company"). *Norte Car* does not hold that insurance companies are not "competitors" under the Act. No other authority is offered on this point.

---

[2]Defendant actually rewords the statute when arguing that Plaintiff "must establish that he is a *competitor bank*, bank holding company or subsidiary of a bank holding company." Def.'s Mem. at 4; Reply at 2-3 (emphasis added). This is not, of course, how the statute reads, but Defendant's edit does highlight that Congress could have limited the term "competitor" to banks had that been its intent.

Third, Defendant observes that Plaintiff is merely an agent for State Farm Bank and argues that a "company authorized to make loans through an independent and unrelated non-party does not qualify . . . as a competitor under the Act." Def.'s Mem. at 4; Reply at 3. While Defendant contends that Plaintiff offers no authority for his novel spin on the Act, Defendant cites no authority suggesting that Plaintiff's interpretation is incorrect.

2. Was the Practice "Unusual"?

To plead a prima facie case, the Complaint must first state that Defendant's practices were "unusual" in the industry. *NCNB Tex. Nat'l Bank*, 11 F.3d at 1268. Defendant claims this element is lacking, but in doing so, Defendant relies heavily on factual assertions not found in the record. Defendant brought this motion under Rule 12(c). The Court is therefore confined to the facts as pled, and those facts include an allegation that the procedures were unusual and resulted in a ruling from the Mississippi Insurance Commissioner that was adverse to Defendant. Compl. ¶¶ 15, 24. This element was sufficiently pled.

3. Did an Anti-Competitive Tying Arrangement Exist?

The second element of the prima facie case requires proof of an anti-competitive tying arrangement. *NCNB Tex. Nat'l Bank*, 11 F.3d at 1268. This could present an issue for the Plaintiff at some point. However, the issue is insufficiently explored for the Court to rule as a matter of law that Plaintiff failed to adequately plead it in the Complaint.

4. Did the Bank Benefit?

The final element of the prima facie case requires proof that the bank benefitted. *NCNB Tex. Nat'l Bank*, 11 F.3d at 1268. Defendant argues that Plaintiff failed to adequately plead this element. However, in *Swerdloff v. Miami National Bank*, the Fifth Circuit Court of Appeals held that, under Rule 12(c), "a benefit to the bank [under the Act] will be implied for pleading

purposes." 584 F.2d 54, 59 (5th Cir. 1978); *see also NCNB Tex. Nat'l Bank v. Johnson*, 11 F.3d 1260, 1268 (5th Cir. 1994) (same). Regardless, the benefit was sufficiently alleged in the Complaint.

Ultimately, the Court declines to dismiss this case on the pleadings, but reservations exist. While some of Defendant's legal arguments appear to be incorrect on their face, others present closer questions but are not supported by authority or adequate analysis. Given the dearth of relevant authority presented in the briefs, and based on the Court's independent research, it appears that a far more intricate analysis will be required. That review will likely include application of the rules of construction as to whether Plaintiff, as an agent of State Farm, was a "competitor" as contemplated by the Act and whether an anti-competitive tying agreement has been established. Such analysis might include legislative history and cases involving analogous anti-tying provisions. In any event, the Court concludes that it would be a poor use of judicial resources, and perhaps unfair to the parties, to undertake that expansive review sua sponte. *See John Deere Co. v. Am. Nat'l Bank, Stafford*, 809 F.2d 1190, 1192 (5th Cir. 1987) (reversing summary judgment entered based on grounds not argued by defendant where plaintiff had no opportunity to respond). Accordingly, Defendant's motion is rejected without prejudice.

B.     Count Two:  Tortious Interference

Defendant claims that the tortious interference claim fails because its conduct was not unlawful. Plaintiff claims that violation of the Act is sufficient to state a prima facie case. The statutory claim survives this initial salvo; therefore, the tortious interference claim survives as well.

IV. <u>Conclusion</u>

For the reasons stated above, Defendant's motion for judgment on the pleadings is denied without prejudice.

**SO ORDERED AND ADJUDGED** this the 7th day of April, 2010.

s/ <u>*Daniel P. Jordan III*</u>
UNITED STATES DISTRICT JUDGE